**STATE of Tennessee, Appellee,**

v.

**Dewaine LEGGS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 28, 1997.

Permission to Appeal Denied by Supreme Court Oct. 6, 1997.

Jeffrey A. Devasher, Senior Assistant Public Defender, David Baker, Senior Assistant Public Defender, Nashville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Sarah M. Branch, Assistant Attorney General, Victor S. Johnson, District Attorney General, Katrin Miller, Assistant District Attorney, Nashville, for Appellee.

## OPINION

SMITH, Judge.

Appellant Dewaine Leggs pled guilty to aggravated assault in the Davidson County Criminal Court. As a Range I standard offender, Appellant received a sentence of six years in the workhouse. In this direct appeal, Appellant presents the following issue for review: whether his sentence is excessive.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

On the evening of January 26, 1995, Markus Goodwin, a severely mentally retarded resident at Clover Bottom Developmental Center in Nashville, was discovered to have suffered severe bruising to his buttocks and scrotum. During the course of a subsequent internal investigation, Appellant, a developmental technician at Clover Bottom, admitted to kicking Mr. Goodwin twice in the groin after Mr. Goodwin had kicked him in the same area.

On February 16, 1995, a Davidson County Grand Jury indicted Appellant for aggravated assault in violation of Tennessee Code Annotated Section 39–13–102. On May 18, 1995, Appellant pled guilty to the charged offense and was sentenced to six years in the workhouse. Appellant appeals only his sentence.

## II. SENTENCING

Appellant alleges that his sentence is excessive. Specifically, Appellant argues that the trial court erred in determining the length of his sentence and in failing to impose an alternative sentence.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40–35–401(d) (1990). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely *de novo*. *Id.* If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence, "even if we would

have preferred a different result." *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn.Crim. App.1991).

■ In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. *State v. Holland,* 860 S.W.2d 53, 60 (Tenn.Crim.App.1993). The defendant bears the burden of showing the impropriety of the sentence imposed. *State v. Gregory,* 862 S.W.2d 574, 578 (Tenn.Crim.App.1993).

■ We note initially that the record fails to demonstrate adequate consideration of certain principles of the Criminal Sentencing Reform Act, as required by *Ashby.* Most significantly, the trial court failed to address, on the record, Appellant's statutorily-mandated presumption in favor of a nonincarcerative sentence. Also, the trial court failed to consider, on the record, certain mitigating factors proposed by Appellant during the sentencing hearing. For these reasons, our review of Appellant's sentence, both its length and its manner of service, will be purely *de novo.*

Appellant was convicted of aggravated assault, a Class C felony. *See* Tenn.Code Ann. § 39–13–102(d). As a Range I standard offender convicted of a Class C felony, Appellant's statutory sentencing range was three to six years. *See id.* § 40–35–112(a)(3). The trial court found the following enhancement factors applicable to Appellant's sentence:

(1) a victim of the offense was particularly vulnerable because of age or physical or mental disability;

(2) the defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense; and

(3) the defendant abused a position of public or private trust.

*Id.* § 40–35–114(4), (5), (15). The trial court found the following mitigating factor applicable to Appellant's sentence:

(1) the defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct.

*Id.* § 40–35–113(11). At the conclusion of the sentencing hearing, the trial court imposed a maximum sentence of six years.

## A. LENGTH OF SENTENCE

Appellant first maintains that the trial court erred in determining the length of his sentence by improperly applying certain enhancement factors and failing to apply certain mitigating factors.

■ In the absence of enhancement and mitigating factors, the presumptive length of sentence for a Class B, C, D, and E felony is the minimum sentence in the statutory range while the presumptive length of sentence for a Class A felony is the midpoint in the statutory range. Tenn.Code Ann. § 40–35–210(c) (Supp.1995). Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the presumptive sentence but still within the range. *Id.* § 40–35–210(d). Where both enhancement and mitigating factors apply, the trial court must start at the minimum sentence, enhance the sentence within the range as appropriate to the enhancement factors, and then reduce the sentence within the range as appropriate to the mitigating factors. *Id.* § 40–35–210(e). The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court so long as the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and its findings are supported by the record. *State v. Hayes,* 899 S.W.2d 175, 185 (Tenn. Crim.App.1995).

### 1. PARTICULAR VULNERABILITY

■ Appellant first argues that the trial court improperly applied enhancement factor (4), concerning the particular vulnerability of Mr. Goodwin due to his severe mental retardation. This enhancement factor is applicable when a victim, as a result of natural physical or mental limitations, is unable to resist the commission of a crime, to call for help, or to testify against the perpetrator.

*State v. Hayes,* 899 S.W.2d 175, 185, (Tenn. Crim.App.1995). In order to establish enhancement factor (4), the State must show that the victim is particularly vulnerable because of age, physical disability, or mental disability, *see State v. Adams,* 864 S.W.2d 31, 35 (Tenn.1993), and that the condition of the victim was a factor in the commission of the offense. *See State v. Seals,* 735 S.W.2d 849, 853–54 (Tenn.Crim.App.1987).

■ Appellant maintains that there is no nexus between the disabilities of Mr. Goodwin and the aggravated assault. Moreover, Appellant contends that he assaulted Mr. Goodwin because he had been kicked and that he would not have reacted any differently had he been kicked by a nondisabled person. Nevertheless, Mr. Goodwin's disabilities did limit his ability to defend himself and to cry out for help. *See Hayes,* 899 S.W.2d at 185. Furthermore, Mr. Goodwin's disabilities prevented him from identifying or testifying against his attacker. *See id.* Thus, the application of enhancement factor (4) was proper.

## 2. EXCEPTIONAL CRUELTY

■ Appellant argues that the trial court improperly applied enhancement factor (5), concerning the treatment of the victim with exceptional cruelty. The application of this enhancement factor requires a finding of cruelty over and above that inherently attendant to the offense. *State v. Embry,* 915 S.W.2d 451, 456 (Tenn.Crim.App.1995). The fact that serious bodily injury is an element of aggravated assault does not necessarily preclude the application of enhancement factor (5). *State v. Moore,* No. 02C01–9306–CC–00126, 1994 WL 245481, at *2 (Tenn. Crim.App. June 8, 1994).

As a result of the assault, Mr. Goodwin suffered severe bruising on his buttocks and scrotum. Mr. Goodwin was subsequently hospitalized on at least three separate occasions and, immediately following the attack, was unable to urinate or defecate without the aid of a catheter. The injuries suggest a more extensive and protracted beating than the two kicks admitted to by Appellant. Having viewed the photographs taken of Mr. Goodwin following the assault and having considered the extent of his injuries, we believe that Appellant treated Mr. Goodwin with exceptional cruelty over and above that inherently attendant to the offense of aggravated assault. Thus, the application of enhancement factor (5) was proper.

## 3. ABUSE OF A POSITION OF PUBLIC OR PRIVATE TRUST

■ Appellant argues that the trial court improperly applied enhancement factor (15), concerning the abuse of a position of public or private trust. With regard to the application of this enhancement factor, our Supreme Court has made the following observation:

> [A]pplication of the factor requires a finding, first, that defendant occupied a position of trust, either public or private. The position of parent, step-parent, babysitter, teacher, coach are but a few obvious examples. The determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith. If the evidence supports that finding, then the court must determine whether the position occupied was abused by the commission of the offense.

*State v. Kissinger,* 922 S.W.2d 482, 488 (Tenn.1996).

As a developmental technician at the Clover Bottom facility, Appellant did indeed occupy a position of trust; both private and public, with regard to Mr. Goodwin. The record reveals that, because of his severe mental retardation and impaired vision, Mr. Goodwin was totally reliant on the assistance of those employed at Clover Bottom. While Appellant may have only been responsible for Mr. Goodwin's most basic care, the nature of that relationship required Mr. Goodwin's private trust. Presumably, Mr. Goodwin's family placed him in Clover Bottom with the belief that he would be cared for and treated humanely. It was in his capacity as a public employee entrusted as a care-

giver that Appellant severely beat the helpless Mr. Goodwin. Thus, the application of enhancement factor (15) was proper.

### 4. LACK OF SUBSTANTIAL JUDGMENT

■ Appellant argues that the trial court should have considered mitigating factor (6), providing that "[t]he defendant, because of youth or old age, lacked substantial judgment in committing the offense." Tenn.Code Ann. § 40–35–113(6). When determining the applicability of this mitigating factor, the sentencing court should consider "the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." *State v. Adams*, 864 S.W.2d 31, 33 (Tenn.1993).

At the time of the assault, Appellant was twenty-one years of age. Although a high school drop-out, Appellant maintained and continues to maintain full-time employment. The record is devoid of any evidence supporting the contention that Appellant lacked substantial judgment to appreciate the nature of his conduct. Thus, mitigating factor (6) is inapplicable.

### 5. NON-STATUTORY MITIGATING FACTORS

■ Finally, Appellant argues that the trial court should have considered other non-statutory mitigating factors pursuant to Tennessee Code Annotated Section 40–35–113(13). Specifically, Appellant points to his lack of prior felony convictions and his expression of remorse over the incident. The trial court failed to address either of these factors during the sentencing hearing.

■ We will first address Appellant's contention that his lack of prior felony convictions deserves consideration under mitigating factor (13). The record reveals that Appellant was convicted of assault in March of 1994. According to his wife, Appellant struck her in the face, causing an eye injury that required twenty stitches. The record further reveals that Appellant has juvenile convictions for assault and for robbery. The

juvenile record of an offender is an appropriate consideration when determining the sentence for an adult conviction. *State v. Stockton*, 733 S.W.2d 111, 112–13 (Tenn.Crim.App. 1986). Robbery is a Class C felony. Tenn. Code Ann. § 39–13–401(b). We therefore conclude that Appellant's sentence is not due any mitigation for a lack of prior felony convictions.

■ We now turn to the issue of whether Appellant's expression of remorse warrants consideration under mitigating factor (13). During his sentencing hearing, Appellant made the following statement:

> I am very sorry for what I had done. I know that it was wrong and I shouldn't have done what I done. I just want to apologize for that.... I'm sorry that I kicked him.... I'm very sorry for what had happened. I didn't mean to put his family or him in any kind of pain or agony. I just wish this all had never happened.

This Court has held that remorse is a proper consideration under mitigating factor (13). *See State v. Thomas*, 755 S.W.2d 838, 845 (Tenn.Crim.App.1988). Based on Appellant's recognition of the wrongfulness of his actions and his expression of remorse, we believe that some marginal consideration is appropriate under mitigating factor (13). *See, e.g., State v. Mooney*, No. 03C01–9502–CR–00050, 1996 WL 183931, at *15 (Tenn.Crim.App. April 18, 1996), *perm. app. denied*, (Tenn. Oct. 28, 1996).

### B. MANNER OF SERVICE

Appellant also contends that the trial court erred in failing to impose an alternative sentence. Appellant argues that the trial court should have granted full probation or, in the alternative, probation following a period of confinement.

■ The Tennessee Criminal Sentencing Reform Act of 1989 recognizes the limited capacity of state prisons and mandates that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarcera-

tion." Tenn.Code Ann. § 40–35–102(5). A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary." *Id.* § 40–35–102(6). A sentencing court may then only deny alternative sentencing when presented with sufficient evidence to overcome the presumption. *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991); *see also State v. Zeolia,* 928 S.W.2d 457, 461 (Tenn.Crim.App.1996).

A denial of alternative sentencing in the face of the statutory presumption should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn.Code Ann. § 40–35–103(1). A sentencing court may also apply mitigating and enhancing factors as they are relevant to these sentencing considerations. *Id.* § 40–35–210(b)(5). Furthermore, in determining whether an alternative sentence is appropriate, the sentencing court may consider the defendant's potential or lack of potential for rehabilitation. *Id.* § 40–35–103(5).

As a Range I standard offender convicted of a Class C felony, Appellant was and is entitled to the presumption of alternative sentencing. We must ascertain whether the trial court properly denied Appellant any form of alternative sentence.

■ We first address the nature and circumstances of the attack. In order to deny an alternative sentence because of the nature of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all factors favoring a

sentence other than confinement. *State v. Hartley,* 818 S.W.2d 370, 374–75 (Tenn.Crim. App.1991). We believe that the savage kicking of a blind and severely mentally retarded individual coupled with the fact that the aggressor purported to be a qualified caregiver and was employed and entrusted with the victim's most basic care is sufficiently horrifying, shocking, reprehensible, and offensive to justify incarceration. The extent of the victim's injuries also reflects the seriousness of the attack. The nature and circumstances of this attack clearly outweigh all factors favoring an alternative sentence and support the imposition of a sentence involving incarceration.

■ We next turn to the deterrent effect a sentence involving incarceration might have on others with a propensity to commit similar acts. Normally, a finding of effective deterrence cannot be conclusory but must be supported by proof. *State v. Ashby,* 823 S.W.2d 166, 170 (Tenn.1991). However, certain criminal offenses appear to be sufficiently unique to warrant special treatment with regard to the underlying proof requirement. *See e.g., State v. Millsaps,* 920 S.W.2d 267 (Tenn.Crim.App.1995) (embezzlement); *State v. Mitchell,* No. 02C01–9108–CC–00167, 1992 WL 133201 (Tenn.Crim.App. June 17, 1992) (drug trafficking); *State v. Cleavor,* 691 S.W.2d 541 (Tenn.1985) (drunk driving); *State v. Vines,* No. 95, 1991 WL 21603 (Tenn. Crim.App. Feb.22, 1991) (child sexual abuse). It is our opinion that the need to deter violent, unlawful behavior by those individuals entrusted with the custodial control over others, especially those incapacitated by mental retardation, is obvious. Therefore, we believe that this sentencing consideration weighs in favor of denying Appellant's bid for an alternative sentence.

■ Finally, the record supports the trial court's observation that Appellant, while remorseful and willing to accept responsibility, was not truthful as to the severity and protracted nature of the attack. This Court has previously observed that a defendant's credibility is germane to his rehabilitative potential. *State v. Dowdy,* 894 S.W.2d 301, 306 (Tenn.Crim.App.1994). Here, Appel-

lant's lack of candor reflects poorly on such potential.

### C.  CONCLUSION

With regard to the length of Appellant's sentence, we find that the following enhancement factors apply:

(1) Mr. Goodwin was particularly vulnerable because of physical and mental disability;

(2) Appellant treated Mr. Goodwin with exceptional cruelty during the commission of the offense; and

(3) Appellant abused a position of trust. *See* Tenn.Code Ann. § 40–35–114(4), (5), (15). We further find that the following mitigating factors apply to Appellant's sentence:

(1) Appellant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct; and

(2) Appellant expressed remorse.

*See id.* § 40–35–113(11), (13).  As mentioned previously, in determining the length of Appellant's sentence, we start at the minimum sentence in the statutory range, three years, enhance the sentence within the range as appropriate to the enhancement factors, and then reduce the sentence within the range as appropriate to the mitigating factors.  We attribute great weight to each of the three applicable enhancement factors, especially factors (4) and (15), and therefore enhance Appellant's sentence to the maximum of six years.  In light of the nature of the assault on Mr. Goodwin and Appellant's position as a public caregiver, we attribute only marginal weight to each of the two applicable mitigating factors.  We therefore decline to reduce Appellant's sentence from that imposed by the trial court.

With regard to the manner of service of Appellant's sentence, we conclude that the circumstances of the offense and the offender justify the trial court's imposition of a sentence involving confinement.

Accordingly, the judgment of the trial court is affirmed.

WELLES and BARKER, JJ., concur.