## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### JULY 31, 1998 SESSION



FILED

August 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9710-CC-00418 |
| Appellee, | ) | |
| | ) | HARDEMAN COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| BURL JARRETT, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Arson - Sentencing) |


**FOR THE APPELLANT:**

**DAVID CRICHTON**
111 W. Market Street
P.O. Box 651
Bolivar, TN  38008-0651

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General

**JERRY W. NORWOOD**
Assistant District Attorney General
Hardeman County Courthouse
Bolivar, TN  38008-2359

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Burl Jarrett, pled guilty for judicial sentencing in the Hardeman County Circuit Court to one (1) count of arson, a Class C felony. The trial court sentenced him as a Range I offender to five (5) years imprisonment. The court further ordered that defendant's sentence run consecutively to a prior felony drug conviction. On appeal, defendant contends the trial court erred in (1) imposing an excessive sentence, and (2) ordering that his sentence run consecutively to the prior drug conviction. After a thorough review of the record before this Court, we find no reversible error. Therefore, we affirm the judgment of the trial court.

**I**

In January 1997, defendant was indicted on two (2) counts of arson. He subsequently pled guilty in May 1997 to one (1) count of arson. At the sentencing hearing in May 1997, defendant's probation officer testified that defendant had been placed on probation in June 1995 for a state felony drug conviction. Defendant was subsequently indicted in federal district court on five (5) counts of distribution of cocaine, alleged to have occurred in June 1996 while defendant was on probation for the state drug offense. Defendant thereafter pled guilty in federal court to these five (5) offenses in February 1997 and was awaiting sentencing. A revocation hearing was simultaneously conducted along with defendant's sentencing hearing on the present offense.

In his testimony, defendant admitted participation in the arson. He testified that he fully cooperated with the FBI and ATF in connection with this offense. However, he acknowledged that he was scheduled to be a witness for the state in his brother's trial for the present offense, but failed to appear in court that day.[1]

The pre-sentence report indicated that defendant had a state criminal record

_____

[1] Defendant's brother, Horace Jarrett, was indicted along with defendant on two (2) counts of arson. Horace pled guilty to vandalism and received a sentence of six (6) days and a $50 fine.

consisting of one (1) felony drug conviction, one (1) forgery conviction and seven (7) misdemeanor convictions, one (1) of which was cocaine related. The report also notes that defendant had not yet been sentenced for the five (5) cocaine convictions in federal court.

The trial court found as enhancement factors that (1) defendant had a previous history of criminal convictions, Tenn. Code Ann. § 40-35-114(1); and (2) defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, Tenn. Code Ann. § 40-35-114(8). As mitigating factors, the trial court found that (1) defendant's conduct neither caused nor threatened serious bodily injury, Tenn. Code Ann. § 40-35-113(1); and (2) defendant admitted his guilt, Tenn. Code Ann. § 40-35-113(13). The trial court found that the enhancement factors outweighed the mitigating factors and imposed a Range I sentence of five (5) years, one (1) year short of the maximum sentence. The trial court further revoked defendant's probation on his state drug conviction based upon his commission of the federal offenses while on state probation.

The trial court further found that defendant's record of criminal activity was extensive and ordered that defendant's sentence run consecutively to the probation revocation on the state drug conviction. Defendant now brings this appeal.

## II

Defendant asserts that the trial court erred in imposing an excessive sentence. Specifically, he alleges that the trial court placed too much emphasis on an enhancement factor and erroneously failed to apply certain mitigating factors. He further argues that consecutive sentencing is inappropriate.

### A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.

State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

## B. Excessive Sentence

Defendant contends that the court placed too much weight on his prior criminal record as an enhancement factor. He also suggests that the trial court erred in failing to apply as mitigating factors that he assisted the FBI and the ATF with information concerning the present offense. *See* Tenn. Code Ann. § 40-35-113(9), (10).

### 1.

At the time of sentencing, defendant had a prior criminal record consisting of two (2) state felony convictions and seven (7) misdemeanors. Furthermore, defendant had pled guilty in February 1997 to five (5) federal drug charges and was awaiting sentencing. Although the arson was committed prior to the commission of some of the other offenses, a sentencing court can consider criminal behavior which occurred prior to the sentencing hearing as evidence of a previous history of criminal convictions under Tenn. Code Ann. § 40-35-114(1), regardless of whether the criminal behavior occurred before or after the commission of the offense under consideration. State v. John Allen Chapman, C.C.A. No. 01C01-9604-CC-00137, Grundy County (Tenn. Crim. App. filed September 30, 1997, at Nashville). Although defendant claims that the trial court placed too much weight upon this factor, the weight to be given enhancement and mitigating factors is discretionary with the trial

4

court.  State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997).  The trial court did not err in placing great weight upon this enhancement factor.

**2.**

Defendant also claims that he assisted the FBI and the ATF by giving information concerning the present offense, and this should have been considered to mitigate defendant's sentence.  *See* Tenn. Code Ann. § 40-35-113(9), (10). Defendant testified that he cooperated fully with the federal authorities, including giving details about the offense.  However, there is no other evidence in the record that defendant did, in fact, cooperate fully with the federal authorities.  Nor does defendant point to any evidence which would support the application of these mitigating factors other than defendant's assertions. We further note that defendant did not appear in state court to testify at his brother's trial for the subject offense. We, therefore, cannot conclude that the trial court erred in failing to apply Tenn. Code Ann. § 40-35-113(9) and (10) as mitigating factors.  Even if the trial court should have accorded some weight to the alleged cooperation, we still conclude that the five (5) year sentence was appropriate.

**3.**

We find no error in the trial court's application of enhancement and mitigating factors in imposing defendant's sentence.  Therefore, we conclude that defendant's Range I sentence of five (5) years for a Class C felony was appropriate.  This issue is without merit.

**C.  Consecutive Sentencing**

Defendant further argues that consecutive sentencing was inappropriate in this case.  Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115. The trial court may order sentences to run consecutively if it finds by a preponderance of the evidence that one or more of the required statutory criteria exist. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with

5

general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

The trial court found that defendant had an extensive criminal history and imposed consecutive sentences on that basis. Tenn. Code Ann. § 40-35-115(b)(2). Defendant had fourteen (14) prior convictions, consisting of six (6) felony drug convictions, a conviction for forgery and numerous misdemeanors. Defendant's record of criminal activity is extensive within the meaning of Tenn. Code Ann. § 40-35-115(b)(2). See State v. Baker, 956 S.W.2d 8, 18 (Tenn. Crim. App. 1997).

Furthermore, upon our *de novo* review, this Court finds that consecutive sentences are reasonably related to the severity of the offenses committed, serve to protect the public from defendant's further criminal conduct, and are congruent with the general principles of sentencing. State v. Wilkerson, 905 S.W.2d at 939. In the interim between the commission of the present offense and his conviction, defendant was convicted of six (6) felony drug offenses. The five (5) federal offenses were committed while defendant was on probation for the state felony drug offense. Furthermore, although the defendant testified that "it won't never happen no more," defendant has developed a pattern of repeatedly violating and ignoring the law. Consecutive sentencing was appropriate.

This issue has no merit.

**III**

We conclude that the trial court properly sentenced the defendant; therefore, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**DAVID G. HAYES, JUDGE**