# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION

FILED

December 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9709-CC-00385 |
| Appellee, | ) | |
| | ) | HUMPHREYS COUNTY |
| VS. | ) | |
| | ) | HON. ROBERT E. BURCH, |
| JEREMY AMIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Sexual Battery) |

**FOR THE APPELLANT:**

**SHIPP R. WEEMS**
District Public Defender

**ROBERT H. STOVALL, JR.** (At Trial)
Assistant District Public Defender
P.O. Box 160
Charlotte, TN 37036-0160

**GREGORY D. SMITH** (On Appeal)
1 Public Square, Suite 321
Clarksville, TN 37040

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**DAN MITCHUM ALSOBROOKS**
District Attorney General

**GEORGE SEXTON**
Assistant District Attorney General
County Courthouse, 2nd Floor
Court Square
Waverly, TN 37185

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Humphreys County jury found defendant guilty of aggravated sexual battery of a twelve-year-old girl, a Class B felony. He was sentenced as a violent 100% offender to twelve years in the Department of Correction. Defendant raises the following issues on appeal:

> (1) whether the trial court erred in admitting the testimony of two witnesses under the "excited utterance" exception to the hearsay rule; and
>
> (2) whether the sentence is excessive.

This Court finds no reversible error and affirms the trial court's judgment.

**FACTS**

In October 1996, T.B.,[1] age twelve, met defendant, age twenty-two, at the home of an acquaintance. During the course of their meeting, they agreed to "be boyfriend and girlfriend." Defendant told T.B.'s friend, H.J., to leave the room. T.B. and defendant were alone in the room for approximately an hour-and-a-half during which time he tried to convince T.B. to have sex with him. After some time, she finally "gave in" and, according to T.B.'s testimony, defendant sexually penetrated her. It lasted about five minutes before T.B., crying, asked him to stop. The defendant complied.

When T.B. came out of the room upset, H.J. asked her what was wrong and T.B. told her what happened. Another friend, J.C., testified that T.B. was upset and crying when he arrived at the house a few minutes afterward. Upon leaving the residence, and while still upset and crying, T.B. told J.C. that defendant did something she did not want him to do.

The defense presented no proof at trial.

**EXCITED UTTERANCE**

---

[1]It is this Court's policy not to reveal the names of minor victims of sexual abuse.

Defendant objected to the admission of H.J.'s and J.C.'s testimony regarding T.B.'s statements to them. The state argued that the statements were admissible under the excited utterance exception to the hearsay rule. The trial court conducted jury-out hearings with regard to this testimony and found the statements admissible under Tenn. R. Evid. 803(2).

**A.**

Tenn. R. Evid. 803(2) excludes from the hearsay rule any "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In order for a statement to be admissible under the excited utterance exception to the hearsay rule, the proponent of the statement must establish: (1) the occurrence of a startling event or condition; (2) the statement related to that startling event or condition; and (3) the declarant was under the stress of excitement when the statement was made. *See* N. Cohen et al., **Tennessee Law of Evidence** § 803(2).2 (3d ed. 1995). Furthermore, the fact that a statement is in response to a question does not necessarily exclude it from the excited utterance exception. State v. Smith, 857 S.W.2d 1, 9 (Tenn. 1993); *see also* State v. Reginald L. Edmonds, C.C.A. No. 02C01-9708-CC-00334, Benton County (Tenn. Crim. App. filed August 25, 1998, at Jackson).

**B.**

We conclude that the trial court did not err in admitting the victim's statements to H.J. and J.C. as excited utterances under Tenn. R. Evid. 803(2). A twenty-two-year-old man convinced a twelve-year-old girl to have sexual contact with him. After a short time, she became understandably upset and asked him to stop. When she left the room crying, H.J. asked her what was wrong. She immediately replied that she had sex with the defendant. Shortly thereafter, while still upset and crying, T.B. made a similar statement to J.C.

This sexual activity for T.B., a twelve-year-old girl, certainly qualified as a startling event; her statements to H.J. and J.C. related to that event; and, even

3

assuming the sexual activity occurred early within the 1-1/2 hour period T.B. and the defendant were alone, she was obviously distressed by the event and was still under the stress of the event when she told H.J. and J.C. what occurred. The statements were admissible.

This issue is without merit.

## SENTENCING

The trial court applied three enhancing factors and one mitigating factor to defendant's conduct. The result was the maximum twelve-year sentence to be served as a violent offender at 100% in the Department of Correction. Defendant asserts that the sentence is excessive.

## A.

Firstly, we note the pre-sentence report is not a part of the record. We must, therefore, presume that the trial court's rulings are supported by the evidence. State v. Jerry Hilbert Carter, C.C.A. No. 03C01-9603-CC-00102, Greene County (Tenn. Crim. App. filed March 4, 1997, at Knoxville); *see also* State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Nevertheless, we elect to address the issue.

## B.

Our review of the sentence imposed by the trial court is de novo with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d); State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). The presumption of correctness which attaches to the trial court's action is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn 1991).

In this instance, it is clear from the record that the trial judge properly

4

considered all appropriate sentencing principles and relevant facts and circumstances. As such, the presumption of correctness attaches to the trial court's determinations.

## C.

At sentencing, the state presented evidence of defendant's criminal history, argued for the application of three enhancing factors, and recommended the maximum sentence. The defense put on no proof, but argued for the application of three mitigating factors and requested a mid-range sentence of nine years.

The trial court recited and reviewed all sentencing principles. It then found that three enhancing factors applied: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;[2] (2) the defendant has a previous history of unwillingness to comply with the conditions of release in the community; and (3) the felony was committed while on probation. Tenn. Code Ann. § 40-35-114 (1), (8), (13). We presume these factors are applicable in the absence of the pre-sentence report.

The trial court refused to find that defendant's youth caused him to lack substantial judgment in committing the crime. *See* Tenn. Code Ann. § 40-35-113(6). It also found the proof contrary to the assertion that the crime was committed under such unusual circumstances that it was unlikely that a sustained intent to violate the law motivated the criminal conduct. *See* Tenn. Code Ann. § 40-35-113(11). These findings are supported by the record.

The trial court did, however, find that the defendant's conduct neither caused nor threatened serious bodily injury. *See* Tenn. Code Ann. § 40-35-113(1). But, this mitigating factor was not given significant weight. The weight to be given each factor is left to the sound discretion of the trial court. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997).

---

[2]The trial court recited prior convictions for felony theft, misdemeanor theft, passing worthless checks, contributing to the delinquency of a minor, disorderly conduct and traffic offenses.

5

**D.**

In reviewing the sentence *de novo* with the attached presumption of correctness, this Court concludes that the trial court properly applied both enhancement and mitigating factors and properly evaluated the relevant facts and circumstances in conjunction with the sentencing principles. Accordingly, this court will not disturb the twelve-year sentence received by the defendant.

**CONCLUSION**

Based upon the foregoing, we **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**L.T. LAFFERTY, SENIOR JUDGE**