## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### JULY 1999 SESSION



**FILED**

**October 25, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 02C01-9901-CC-00021 |
| Appellee, | * | HENRY COUNTY |
| VS. | * | Honorable Julian P. Guinn, Judge |
| **BEN PHILLIP RAY,** | * | (Possession of Drugs, Etc.) |
| Appellant. | * | |

FOR THE APPELLANT:

(On Appeal)

W. JEFFERY FAGAN
Assistant District Public Defender
117 Forrest Avenue North
Camden, TN 38320

GUY T. WILKINSON
District Public Defender

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

ROBERT 'GUS' RADFORD
District Attorney General

STEVEN L. GARRETT
Assistant District Attorney General
P.O. Box 94
Paris, TN 38242

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

In this unusual appeal from Henry County, the defendant, Ben Phillip Ray, claims he should have received more jail time than he was actually given by the trial judge. The defendant wants to serve his time in the state penitentiary instead of in the Henry County jail. After review of the record, we conclude that the wishes of this defendant should not be granted. A defendant does not have the right to refuse a minimum sentence. Therefore, the trial court's sentence is AFFIRMED, and we decline the defendant's opportunity to sentence him to a greater sentence.

## BACKGROUND

On April 9, 1997, the defendant was convicted in Henry County Circuit Court of possession of Schedule II Drugs, cocaine. He was sentenced to three years in the Department of Correction with all time suspended except one year.

While serving his one year in the Henry County jail, the defendant was charged with the offenses related to this appeal.

The defendant pled guilty on December 8, 1998, to one count of Introduction or possession of drugs in a penal institution and to a second count of possession of drug paraphernalia. At the sentencing hearing, the defendant's retained counsel questioned the defendant concerning where he would like to spend his time:

    Defendant:  I would rather spend it down in the penal institution.
    Counsel:    In the penitentiary rather than the Henry County jail?
    Defendant:  Yes, ma'am.
    Counsel:    Even if that means that you would get more time?
    Defendant:  Yes, ma'am.
    Counsel:    Okay; why?
    Defendant:  Because I look to better myself any way -- any way
                I can, and being down there in the Henry County Jail

|           | there's no way too much to better yourself. There's nothing to do but lay around. You can't -- you don't get your recreation time or nothing. And I'd rather better myself if I can. |
| Counsel:   | You had spent a year in the Henry County Jail. Is that correct? |
| Defendant: | Yes, ma'am. |

In summation, the defendant's retained counsel requested the court to sentence her client to more than the minimum sentence so he could go to the penitentiary. The trial judge was very skeptical of the defendant's reasoning and motives for requesting an enhanced sentence. The trial judge sentenced the defendant to the minimum three years on the first count and eleven months, twenty-nine days on the second count, to run concurrently with each other. The sentence is to be served in split confinement, with one year of continuous confinement in the Henry County jail and the remaining balance on supervised probation.

The defendant then requested the trial judge to reconsider the sentence, and another hearing was held. At this hearing, the defendant's counsel again insisted that the defendant wanted to take advantage of programs offered in the penitentiary and unavailable in the Henry County Jail. Specifically, the defendant wanted more opportunities to exercise and lift weights. The trial judge overruled the defendant's motion to reconsider his sentence.

**ANALYSIS**

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of

correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) sentencing comm'n comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;
(2) [t]he presentence report;
(3) [t]he principles of sentencing and arguments as to sentencing alternatives;
(4) [t]he nature and characteristics of the criminal conduct involved;
(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. See State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court if the trial court complies with the purposes and principles of the sentencing act and, if its findings are supported by the record. See State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); Tenn. Code Ann. § 40-35-210 sentencing comm'n comments. Nevertheless, should there be no mitigating

factors but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); see Lavender, 967 S.W.2d at 806; Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and if the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See Fletcher, 805 S.W.2d at 789.

We conclude that the trial judge properly sentenced the defendant. The defendant has not cited to any legal authority to the contrary. However, this Court has ruled that a defendant did not have the right to refuse a sentence of Community Correction even though he did not request such a sentence. See State v. Estep, 854 S.W.2d 124, 127 (Tenn. Crim. App. 1992).

**CONCLUSION**

We conclude that this defendant does not have the right to reject the minimum sentence he received. We AFFIRM the sentence of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

-5-

_____
JAMES CURWOOD WITT, JR., Judge