# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1999 SESSION

FILED

October 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9902-CC-00069 |
| Appellee, | ) | |
| | ) | HARDEMAN COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| MARSHALL A. SIMON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**JEANNIE KAESS**
520 Ridgeway Drive
Bolivar, TN 38008

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**J. ROSS DYER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**JAMES W. FREELAND**
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**O P I N I O N**

Defendant, Marshall A. Simon, pled guilty to aggravated burglary and felony evading arrest. After a sentencing hearing, the trial court sentenced the defendant to consecutive terms of five years for aggravated burglary and two years for felony evading arrest. In this appeal as of right, the defendant contends the trial court erred in:

1.   sentencing the defendant to the two-year maximum for felony evading arrest; and

2.   requiring that the sentences be served consecutively.

After a careful review of the record, we **AFFIRM** the judgment of the trial court.

## I. FACTS

Defendant participated in the burglary of a home at approximately 2:00 a.m. on April 15, 1998. A security camera captured his actions, and an alarm alerted the police. While en route to the scene, an officer met defendant's vehicle coming toward him at a high rate of speed on the wrong side of the road. Defendant's vehicle ran off the road, and defendant fled. Defendant was subsequently arrested.

## II. SENTENCING

Defendant pled guilty to aggravated burglary, a Class C felony, and felony evading arrest, a Class E felony. The trial court sentenced the defendant as a Range I standard offender to consecutive sentences of five years for aggravated burglary and two years for felony evading arrest. Defendant contends his felony evading arrest sentence is excessive, and that he did not qualify for consecutive sentencing. We disagree.

2

### A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

### B. Sentence for Felony Evading Arrest

The trial court applied two enhancement factors. First, the trial court found the defendant had a previous history of criminal convictions. *See* Tenn. Code Ann. § 40-35-114(1). Specifically, defendant had four prior felony convictions, two driving on revoked license convictions and a traffic offense. Second, the trial court found defendant had a previous history of unwillingness to comply with conditions of a sentence involving release in the community. *See* Tenn. Code Ann. § 40-35-114(8). Specifically, defendant had previously been resentenced on a community

corrections violation. The trial court properly applied both of these enhancement factors. We also note that the present offenses were committed while defendant was on community corrections for prior felonies. *See* Tenn. Code Ann. § 40-35-114(13)(E).

In mitigation, the trial found that the defendant's conduct neither caused nor threatened serious bodily injury, and that he admitted guilt. *See* Tenn. Code Ann. § 40-35-113(1), (13). We note, however, that defendant's conduct in evading arrest did indeed threaten serious bodily injury; therefore, this mitigating factor is inapplicable.

The weight to be given enhancement and mitigating factors is determined by the trial court. We see no reason to disturb the trial court's imposition of the two year sentence for felony evading arrest.

This issue is without merit.

## C. Consecutive Sentencing

Defendant contends the trial court erred in ordering these sentences to be served consecutively. A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

> ...
>
> (2) [t]he defendant is an offender whose record of criminal activity is extensive; [or]
>
> ...
>
> (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high.

Tenn. Code Ann. § 40-35-115(b); *see also* State v. Black, 924 S.W.2d 912 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences are reasonably related to the severity of the offenses

4

committed, and serve to protect the public from further criminal conduct by the offender. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). However, Wilkerson only applies to the "dangerous offender" category. State v. Lane, _____ S.W.2d _____ (Tenn. 1999).

The trial court found that the defendant had an extensive record of criminal activity. *See* Tenn. Code Ann. § 40-35-115(b)(2). As stated, in addition to the present offenses, defendant had four prior felony convictions and other misdemeanor convictions. The trial court also found the defendant committed the felony evading arrest by driving at a high rate of speed on the wrong side of the road so as to endanger the lives of the officers seeking to arrest him. *See* Tenn. Code Ann. § 40-35-115(b)(4). We conclude a proper statutory basis existed for the imposition of consecutive sentencing.

The trial court further found that it was necessary to protect the public from future criminal conduct by the defendant. Although the trial court did not make a specific finding that the aggregate sentence reasonably related to the severity of the offenses, upon our *de novo* review we conclude that this *Wilkerson* factor has been satisfied as it relates the "dangerous offender" category. Wilkerson, 905 S.W.2d at 939.

Accordingly, we conclude the trial court did not err in imposing consecutive sentences. This issue is without merit.

## IV. CONCLUSION

Based upon our review of the record, we **AFFIRM** the judgment of the trial court in all respects.

5

                                       _____

**JOE G. RILEY, JUDGE**

**CONCUR:**

_____

**DAVID G. HAYES, JUDGE**

_____

**THOMAS T. WOODALL, JUDGE**