IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. VICTORIA S. GALINDO

**Direct Appeal from the Criminal Court for Williamson County**
**Nos. II-699-172 and II-799-246 Timothy L. Easter, Judge**

---

**No. M1999-00768-CCA-R3-CD - Decided April 14, 2000**

---

In this appeal the defendant, Victoria S. Galindo, challenges the length and manner of service of the sentences imposed by the trial court. Defendant pled guilty to three counts of forgery, Class E felonies. Defendant was sentenced to three consecutive two-year terms for an effective sentence of six years, with service to begin at the conclusion of a ten-month federal sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J., delivered the opinion of the court, in which GLENN, J. and ACREE, Special J. joined.

John H. Henderson, Public Defender, and C. Diane Crosier, Assistant Public Defender, Franklin, Tennessee, for the appellant, Victoria S. Galindo.

Paul G. Summers, Attorney General and Reporter, Marvin E. Clements, Jr., Assistant Attorney General, Ronald L. Davis, District Attorney General, and Sharon E. Tyler, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

Defendant worked for Ingram and Associates as an accountant's assistant. Part of her duties at Ingram included issuing checks for expense account reimbursements. The defendant set up a fictitious expense account under the name "N.D. Carroll" and issued three checks to the account in the amounts of $356.79, $699.77, and $735.00. The illegal expenditures were subsequently discovered by her supervisor, and defendant subsequently pled guilty to three counts of forgery. She

received consecutive two-year sentences on each count, with service to begin at the conclusion of

a ten-month federal sentence.[1]  This appeal followed.


## LENGTH OF SENTENCE

Defendant does not contest the enhancement factors applied by the trial court.  However, she argues that the trial court failed to consider as a mitigating factor the  need to provide necessities for herself and her children.  *See* Tenn. Code Ann. § 40-35-113(7).  Additionally, defendant alleges the trial court improperly weighed the enhancement and mitigating factors.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range.  State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991).  However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors.  Tenn. Code Ann. § 40-35-210(e).  No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. Fletcher, 805 S.W.2d at 789.


### A.  Mitigating Factor (7)

The defendant contends she committed the offense because her husband was abusive, took money from the family, and "put her and the children out" of their home.  Therefore, she forged the checks to pay for necessities for herself and her family.  *See* Tenn. Code Ann. § 40-35-113(7).  The forged checks totaled almost $1,800 and were executed within less than two weeks.  Defendant did

---

[1]Defendant was on probation from her federal conviction for embezzlement when she committed the present offense.  Her probation was subsequently revoked, and she was ordered to serve ten months.

not show that she needed these funds for necessities. The trial court did consider defendant's family situation in applying factor (3) (substantial grounds existed tending to justify defendant's conduct), although it gave it little weight. We find no error in the failure to apply mitigating factor (7).

## B. Weight of Factors

In deciding what sentence to apply, the trial court applied the following enhancement factors:

(1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
(8) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
(13) the felony was committed while on felony probation;
(15) the defendant abused a position of private trust; and
(21) the defendant, who was provided with court-appointed counsel, willfully failed to pay the administrative fee assessed pursuant to Tenn. Code Ann. § 40-14-103(b)(1).

*See* Tenn. Code Ann. § 40-35-114(1), (8), (13)(C), (15), (21). In addition, the court applied the following mitigating factors:

(1) the defendant's criminal conduct neither caused nor threatened serious bodily injury;
(3) substantial grounds existed tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense; and
(5) before detection, the defendant compensated or made a good faith attempt to compensate the victim of criminal conduct for the damage or injury the victim sustained.

*See* Tenn. Code Ann. 40-35-113 (1), (3), (5).

In its evaluation of these factors, the trial court held that, even though it considered defendant's "bad family situation" in mitigation, it accredited very little weight to mitigating factor (3). Furthermore, while the court acknowledged defendant had attempted to make restitution, it noted that it was unclear whether or not these attempts were made before detection and that it was not completely convinced defendant would have offered to make restitution if she had not known she was about to be "caught."

With regard to the enhancement factors, the trial court stated that it placed considerable weight on enhancement factor (15), an abuse of private trust. The trial court found defendant had abused her position with Ingram on multiple occasions and was also serving probation for a federal charge of embezzlement.

We find the trial court's evaluation of the sentencing factors followed the sentencing guidelines and that the trial court's findings are adequately supported by the record. The weight

given enhancement and mitigating factors is within the trial court's discretion. Moss, 727 S.W.2d at 238. Therefore, a two-year sentence was appropriate for each offense. This issue is without merit.

## CONSECUTIVE SENTENCING

Defendant argues the trial court erred by sentencing her to three consecutive sentences, and by requiring all three forgery sentences to run consecutively to her ten-month federal sentence.

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that the defendant is sentenced for an offense committed while on probation. *See* Tenn. Code Ann. § 40-35-115(b)(6). Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tenn. Code Ann. § 40-35-115(b)(4). State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are not required for the other categories of Tenn. Code Ann. § 40-35-115(b). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Id.* at 460 (citing Tenn. Code Ann. §§ 40-35-102(1) and 103(2)).

We conclude the trial court did not err in ordering the sentences to be served consecutively. The aggregate sentence was justly deserved in relation to the seriousness of the offenses and was not greater than that deserved. This issue is without merit.

## CONCLUSION

Based upon our examination of the record, we affirm the judgment of the trial court in all respects.