IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. HENRY CHRISTOPHER JOHNSON**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 224406     Douglas A. Meyer, Judge**

---

**No. E1999-02501-CCA-R3-CD - Decided July 6, 2000**

---

Defendant Henry Christopher Johnson pled guilty to Class C felony robbery and he received an agreed sentence of six years as a Range I standard offender, with the manner of service to be determined by the trial court. Following a sentencing hearing, the trial court ordered Defendant to serve his sentence in the Tennessee Department of Correction. Defendant challenges the trial court's denial of alternative sentencing. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WOODALL, J. delivered the opinion of the court, in which WILLIAMS, J. and GLENN, J. joined.

Ardena J. Garth, District Public Defender, Donna Robinson Miller, Assistant Public Defender, and Thomas E. Landis, Assistant Public Defender, Chattanooga, Tennessee, for the appellant, Henry Christopher Johnson.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, William H. Cox, III, District Attorney General, and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

During the plea hearing, the prosecutor stated that if this case had gone to trial, the evidence would have shown that the elderly victim had asked Defendant to do some work for her at her residence and when the victim took out some money to pay Defendant $5.00, Defendant threatened to hit the victim and he took the entire $565.00 that the victim had just received from cashing her Social Security check. Defense counsel then stated that it was Defendant's position that the State's version of events was "not at all what happened", but it was in his best interest to enter a guilty plea.

During the sentencing hearing, seventy-seven-year-old Samella Gilmore testified that on the day that she cashed her Social Security check for $574.00, Defendant snatched the money and would not give it back. This was her entire monthly income, and she never recovered the money.

Dorothy Robinson, Defendant's sister, testified that Defendant is a good person who takes care of his children, but he needs help with his drug problem.

Jamie Turner, the mother of one of Defendant's children, testified that Defendant loved his child and he provided money for the care of the child. Turner was aware that Defendant had been using cocaine for the past two years.

Defendant testified that he did not steal any money from Gilmore. However, Defendant indicated that he was willing to pay restitution in this case. Defendant admitted that he had a drug problem, and he admitted that he had previously been convicted of possession of a weapon with intent to go armed and he had previously assaulted his ex-girlfriend. Defendant also admitted that he had a history of violence.

At the conclusion of the sentencing hearing, the trial court specifically found that the victim had been truthful and Defendant had lied. The trial court then denied alternative sentencing based on Defendant's lack of truthfulness.

## ANALYSIS

Defendant contends that the trial court erred when it failed to impose an alternative sentence in this case. We disagree.

## A.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the defendant regarding sentencing; and (7) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997 & Supp. 1999).

Under Tennessee law, an especially mitigated or standard offender convicted of a Class C, D, or E felony is generally presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann.§ 40-35-102(6) (1997). Because Defendant was convicted of a Class C felony, he is initially presumed to be a favorable candidate for alternative sentencing.

When determining suitability for alternative sentencing, the sentencing court considers the following factors: (1) whether confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) whether confinement is necessary to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; (4) whether measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; and (5) whether the defendant has poor potential for rehabilitation. See Tenn. Code Ann. § 40-35-103(1) (1997); State v. Housewright, 982 S.W.2d 354, 356–57 (Tenn. Crim. App. 1997).

**B.**

Initially, Defendant contends that the trial court should have applied mitigating factor (13) based on his employment history, his employment opportunities, the support of his family, his support for his children, and his recognition of his drug problem. See Tenn. Code Ann. § 40-35-113(13) (1997). We conclude that even assuming arguendo that the trial court erred when it failed to apply this factor, the trial court's denial of probation was justified based on Defendant's poor potential for rehabilitation.

The presentence report indicates that Defendant has previously been convicted of possession of a weapon with intent to go armed, theft, and driving with a suspended license. The presentence report also indicates that Defendant admitted that for the two-year period before the offense in this case, he had been consuming between $300.00 and $400.00 worth of cocaine each week. In addition, Defendant admitted during the sentencing hearing that he had previously assaulted his ex-girlfriend and he had a history of violence. This continuing disrespect for the law reflects poorly on Defendant's potential for rehabilitation.

After listening to the testimony and observing the witnesses' demeanor during the sentencing hearing, the trial court specifically found that the victim had been telling the truth when she testified that Defendant had robbed her and Defendant had been lying when he denied robbing the victim. This Court has previously stated that a defendant's lack of candor to the court reflects poorly on the defendant's rehabilitative potential and thus, is a basis for denial of alternative sentencing. State v. Leggs, 955 S.W.2d 845, 851–52 (Tenn. Crim. App. 1997).

In short, we hold that Defendant's poor potential for rehabilitation is a proper reason to deny alternative sentencing. Accordingly, the judgment of the trial court is AFFIRMED.