IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

December 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9710-CC-00450 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. HENRY DENMARK BELL, |
| JOHNNIE M. TALLEY III, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Filing False Report - 5 Counts; |
| | ) | Probation Revocation) |
| | ) | |

**FOR THE APPELLANT:**

**JOHN H. HENDERSON**
District Public Defender
407 C Main Street
P.O. Box 68
Franklin, TN 37065-0068

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General

**DEREK K. SMITH**
Assistant District Attorney General
G-6 Courthouse
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED

**L.T. LAFFERTY,**
**SENIOR JUDGE**

**OPINION**

Defendant was found guilty of five counts of filing a false report in violation of Tenn. Code Ann. § 39-16-502(a)(2)(A), all Class E felonies.  The trial court sentenced defendant as a Range II, multiple offender, to four years in counts one and three, and three years in counts four, six, and eight.  Counts one and three ran consecutively and the other counts ran concurrently for an effective eight-year sentence.  The court also revoked defendant's probation on a three-year sentence, but ordered that time served concurrently with the new sentence.  Defendant essentially raises three issues on appeal:

> (1) whether the evidence was sufficient to support the five guilty verdicts;
>
> (2) whether the trial court erred in sentencing defendant; and
>
> (3) whether the trial court erred in revoking defendant's probation and ordering him to serve the three-year effective sentence.

After a thorough review of the record, we AFFIRM the judgments of conviction and sentences imposed by the trial court.

**FACTS**

Defendant is a life-long Williamson County resident with a history of making 9-1-1 emergency calls and requesting assistance.  In December of 1996, a Williamson Grand Jury indicted him on nine counts of filing a false report for a series of these incidents.  After a bench trial, the court found defendant guilty on five counts of filing a false report, Class E felonies.

On January 14, June 13, July 1, August 2, and September 8, 1996, defendant placed the 9-1-1 calls giving rise to his convictions.  In each case, he claimed injury or a need for assistance.  Some of the ailments claimed by defendant included: bleeding from the head; spider bite; heatstroke; back, neck, and chest pains.  In each instance, the emergency medical personnel found defendant in no

2

distress and in no need of emergency medical treatment.  Per agency policy, however, they transported defendant to the Williamson Medical Center emergency room at his request.

In the majority of these visits, emergency room medical records indicate a final diagnosis of toluene inhalation, substance abuse and/or a history of schizophrenia.  On July 1, the diagnosis was insomnia.

The defense presented expert testimony by Robert N. North, D.Ed., who testified that defendant suffers from Obsessive Compulsive Disorder (OCD).  His evaluation of defendant indicated that defendant may have known "down deep" that there was nothing wrong, but that he was driven by a compulsion to call 9-1-1 and could not help himself.  This proof was deemed inadmissible at the guilt phase of the hearing, but was considered for sentencing purposes.[1]

## SUFFICIENCY OF THE EVIDENCE

The defendant asserts that "the evidence in the case, taken in the light most favorable to the State, did not establish [defendant's guilt] beyond a reasonable doubt."

When reviewing the trial court's judgment, this Court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978).  Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956).  To the contrary, this Court is required to afford

---

[1]The correctness of this ruling is not raised as an issue in this appeal.

the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995). Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. State v. Tuggle, 639 S.W.2d at 914; State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The trial judge heard the evidence, evaluated the witnesses, and made its factual determinations based on that evidence. This Court cannot substitute its judgment for that of the trial judge in determining sufficiency of the evidence. Viewing the evidence in a light most favorable to the state, there is sufficient evidence to sustain all five findings of guilt.

This issue is without merit.

**SENTENCING**

Defendant makes no specific assignments of error by the trial judge in his sentencing decisions. He simply asserts that the effective eight-year sentence is excessive and asks this court to amend the sentences to two years each and place defendant on probation for that period.

Our review of the sentence imposed by the trial court is *de novo*, with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d); State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). The presumption of correctness which attaches to the trial court's action is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn 1991).

A review of the videotaped bench trial and sentencing hearing convinces us that the trial court did consider the sentencing principles and all relevant facts and

4

circumstances surrounding this case. Thus, our review is *de novo* with the attached presumption of correctness.

## A. Length of Sentences

The trial court sentenced defendant as a Range II, multiple offender to four years each in counts one and three, and three years each in counts four, six and eight. Defendant does not claim any error with regard to the sentencing range, but merely asserts that the sentence in each count should be no more than the minimum for a Range II offender, two years.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, use the enhancement factors to increase the sentence within the range and then apply the mitigating factors to reduce the sentence within the range. Tenn. Code Ann. § 40-35-210(e). There is no particular weight prescribed by statute for each factor, as this determination is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* State v. Lavender, 967 S.W.2d at 806.

At sentencing, defendant asked for the application of five mitigating factors: (1) defendant's criminal conduct neither caused nor threatened serious bodily injury; (2) substantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense; (3) defendant was suffering from a mental . . . condition that significantly reduced [his] culpability for the offense; (4) with treatment and medication, defendant has a good potential for rehabilitation; and (5) defendant is currently receiving treatment and taking medication for mental

health problems. *See* Tenn. Code Ann. § 40-35-113(1), (3), (8), (13).

The state asked for the application of three enhancing factors: (1) defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and (3) these felonies were committed while defendant was on probation. *See* Tenn. Code Ann. § 40-35-114(1), (8), (13)(C). The prosecutor recommended an effective eleven-year sentence and emphasized the length and nature of defendant's criminal history. The record reflects defendant's conduct included thirty-three prior convictions, five felonies and twenty-eight misdemeanors; and at least one prior probation revocation which resulted in defendant being forced to serve the remainder of a suspended sentence.

The trial court noted that both sides presented valid arguments for the application of the requested mitigation and enhancement factors. It also considered the sentencing recommendations of both defense counsel and the state. The trial court made a specific finding that the enhancement factors "greatly outweigh" the mitigating factors and then sentenced defendant to two maximum sentences of four years and three mid-range sentences of three years.

In reviewing the record *de novo* with the attached presumption of correctness, this Court finds that the trial court properly applied both enhancement and mitigating factors. It also properly evaluated the relevant facts and circumstances of the case in conjunction with the sentencing principles. Accordingly, this Court will not disturb the length of the sentences.

### B. Consecutive Sentencing

Defendant next avers that the trial court erred in ordering the four-year sentences in counts one and three to run consecutively to one another.

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that the defendant is an offender whose record of

criminal activity is extensive, or the defendant is sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(2),(6); *see also* State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with the general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

Here, the trial court noted that defendant qualified for consecutive sentencing under the statute given his extensive criminal history spanning almost ten years and that he was on probation when he committed the current felonies. As such, it found consecutive four-year sentences warranted in counts one and three.

The court addressed the Wilkerson considerations noting the danger posed to the community by defendant's chronic engagement of the county's emergency services and personnel for non-emergency purposes. It found the eight-year sentence sufficient and ordered all other sentences, including three years for the new probation violation, to run concurrently. This finding clearly indicates the trial court's belief that an eight-year sentence is reasonably related to the severity of the offenses at issue.

Again, our review of the record with the attached presumption of correctness reveals that the trial judge based consecutive sentencing upon proper considerations. Thus, we will not disturb his decision.

### C. Alternative Sentencing

Defendant claims that the trial court erred in denying him "intensive" probation. Defense counsel argued at sentencing that defendant was an ideal candidate for probation; that neither the Department of Correction nor the county jail is an appropriate facility to handle defendant's special needs; and the trial court should place him on "intensive" probation.

7

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d at 917. The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d). Sentencing Commission Comments.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effect deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 271 (Tenn. Crim. App. 1995).

We first note that defendant, due to his uncontroverted Range II status, is not presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). Our review further reveals that the trial court addressed the proper confinement considerations. The defendant clearly qualifies for a sentence of confinement. Thus, there is no basis for us to disturb the trial court's denial of alternative sentencing.

## PROBATION REVOCATION

Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn.

1991).  Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. Id.

In this case, there was clear evidence that defendant violated his probation. There was no abuse of discretion by the trial court in revoking the defendant's suspended sentence.  We would note that the sentence in that case, an effective three years, was run concurrently with his new convictions.

This issue is without merit.


### CONCLUSION


Based upon the foregoing, we **AFFIRM** the judgments of the trial court.

_____
**L.T. LAFFERTY, SENIOR JUDGE**


**CONCUR:**

9

_____
**PAUL G. SUMMERS, JUDGE**


_____
**JOE G. RILEY, JUDGE**