**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1999**

**FILED**

**March 15, 1999**

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 01C01-9711-CC-00543** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **COFFEE COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. GERALD EWELL** |
| **CASSANDRA MCKISSACK,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | **(Direct Appeal - Theft over $10,000)** |

FOR THE APPELLANT:

CHARLES S. RAMSEY, JR.
114 North Spring Street
Manchester, TN 37355

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MICKEY LAYNE
District Attorney General

KENNETH SHELTON, JR.
Assistant District Attorney
P. O. Box 147
Manchester, TN 37355

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On April 16, 1997, Appellant Cassandra McKissack pleaded guilty to one count of theft over $10,000.00.  On October 15, 1997, the trial court sentenced Appellant as a Range I standard offender to a term of four years in the Tennessee Department of Correction. Appellant challenges her sentence, raising the following issues:

1) whether her sentence is excessive; and

2) whether she was entitled to probation.

After a review of the record, we affirm the judgment of the trial court.

## I.  FACTS

The record indicates that beginning in August of 1995, Appellant began making regular visits to the home of her eighty-four-year-old wheelchair-bound uncle, J. C. Biles, in order to check on him and help take care of his house.  At some time thereafter, Appellant began taking steps to have Biles put in a nursing home and began discussions with other family members about who should have control of Biles' assets.

After some discussions between Appellant and her brother and sister, Appellant's brother took Biles to the office of a notary for the purpose of having Biles grant a power of attorney to Appellant's sister.  While Appellant's brother was taking Biles into the notary's office in order to complete the power of

attorney, Appellant arrived, took the documents that granted the power of attorney, and tore them up.

In August of 1996, Appellant forged Biles' signature on a document which purported to grant her a power of attorney. Appellant then took the document to her codefendant and had the codefendant notarize the document. A few days later, Appellant and her codefendant went to Biles' bank and withdrew $39,892.00 from Biles' account. Appellant then took the money and deposited it in another bank in an account under the names of Appellant and Biles. Appellant subsequently gave $5,000.00 of the money to her codefendant and she used another $2,000.00 to post their bond after they had been charged in this matter.

## II. LENGTH OF SENTENCE

Appellant contends that the trial court erroneously sentenced her to a longer term than she deserves. Specifically, Appellant argues that the trial court misapplied an enhancement factor when it determined the length of her sentence.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is

conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense, and the defendant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id. Because the record in this case indicates that the trial court properly considered the sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption of correctness.

In this case, Appellant pleaded guilty to theft over $10,000, a Class C felony. See Tenn. Code Ann. §§ 39-14-103, -105(4) (1997). The sentence for a Range I offender convicted of a Class C felony is between three and six years. Tenn. Code Ann. § 40-35-112(a)(3) (1997). When both enhancement and mitigating factors are applicable to a sentence, the court is directed to begin with the minimum sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e) (1997).

In enhancing Appellant's sentence from three to four years, the trial court found that enhancement factor (4) applied because the victim was particularly vulnerable due to age or physical or mental disability. See Tenn. Code Ann. § 40-35-114(4) (1997). The trial court also found that mitigating factor (1) applied

-4-

because Appellant's conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1) (1997).

Appellant claims that the trial court erred when it applied enhancement factor (4) because there was no proof that Biles had any disability other than age. However, the record indicates that Appellant stipulated at the sentencing hearing that this factor was applicable. Indeed, the record indicates that the following colloquy took place during the sentencing hearing:

> MR. SHELTON: [O]ne of the aggravating circumstances, may it please the Court, in this case is the physical condition of the victim in this matter. That is addressed in the pre-sentence report itself[,] but for the purpose of sentencing in this matter, the enhancement factor that a victim of the offense was particularly vulnerable because of age or physical or mental disability, in essence, I am filing Mr. Biles as an exhibit before the Court.
> THE COURT: Bring Mr. Biles around.
> MR. RAMSEY: We don't dispute that, may it please the Court. We'll stipulate that he is in a wheelchair and infirm.
> (Thereupon Mr. Biles was brought before the Court.)
> THE COURT: What age is the gentleman? Does anybody know his age?
> SPECTATOR: Eighty-six.
> THE COURT: Mr. Biles, how are you this morning?
> MR. BILES: All right, sir. How are you?
> THE COURT: Fine. Mr. Shelton, do you want to swear him in?
> MR. SHELTON: No, sir, just for the Court's observation and since Mr. Ramsey stipulates that fact—

The record also indicates that Appellant's counsel made no further reference to this enhancement factor in his closing argument. We hold that, having stipulated at the sentencing hearing that enhancement factor (4) was applicable, Appellant cannot now attack the trial court's application of that factor to her sentence. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the error."). Therefore, we hold that a four year sentence is entirely appropriate in this case.

## II. PROBATION

Appellant contends that the trial court erred when it failed to grant probation in this case.[1]  We disagree.

Under Tennessee law, a defendant is eligible for probation if the sentence imposed is eight years or less and further, the trial court is required to consider probation as a sentencing alternative for eligible defendants.  Tenn. Code Ann. § 40-35-303(a)–(b) (1997).  However, even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law."  Tenn. Code Ann. § 40-35-303(b) (1997) (Sentencing Commission Comments); State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).  Indeed, a defendant seeking full probation bears the burden on appeal of showing that the sentence actually imposed is improper and that full probation will be in both the best interest of the defendant and the public.  State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).  When determining suitability for probation, the sentencing court considers the following factors:  (1) the nature and circumstances of the criminal conduct involved;  (2) the defendant's potential or lack of potential for rehabilitation, including the risk that, during the period of probation, the defendant will commit another crime;  (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense;  and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes.  Tenn. Code Ann.

---

[1]We note that our review on appeal is limited to the narrow question presented by Appellant of whether the trial court erred when it failed to grant probation.  Accordingly, this review does not address the appropriateness of other sentencing alternatives.

§§ 40-35-210(b)(4), -103(5), -103(1)(B) (1997 & Supp. 1998); Bingham, 910 S.W.2d at 456 (citations omitted).

Although the record is not entirely clear, the trial court apparently based its denial of probation on both the circumstances of the criminal conduct and Appellant's lack of candor at the sentencing hearing. We agree with Appellant that the circumstances of this offense, as reprehensible as they are, standing alone, are not enough to support a denial of probation. See Bingham, 910 S.W.2d at 454 ("In order to deny an alternative sentence based on the seriousness of the offense, the circumstances of the offenses as committed must be especially violent, horrifying, shocking, reprehensive, offensive, or otherwise of an excessive or exaggerated degree.").

However, we also conclude that the record supports the trial court's finding that Appellant had lied to the court and we hold that this alone was a proper basis for the denial of probation. Indeed, this Court has previously stated that a defendant's lack of candor to the court reflects poorly on the defendant's rehabilitative potential and thus, is a basis for denial of probation. State v. Leggs, 955 S.W.2d 845, 851–52 (Tenn. Crim. App. 1997). The record also indicates that during the sentencing hearing, Appellant maintained that instead of stealing the money for her own use, she only took the money in order to take care of Biles and protect him from other relatives whom she feared would waste the money by spending it on themselves. Failure to accept responsibility for one's criminal conduct also reflects poorly on rehabilitative potential and thus, is a basis for denial of probation. State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996).

Based on the circumstances of the offense, Appellant's lack of candor to the court, and Appellant's failure to accept responsibility for her conduct, we hold that the trial court did not abuse its discretion when it denied probation in this case.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE