# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1999 SESSION

FILED

June 22, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Appellee, | ) | NO. 03C01-9707-CR-00290 |
| | ) | |
| VS. | ) | HAMILTON COUNTY |
| | ) | |
| | ) | HON. DOUGLAS A. MEYER, |
| WILLIAM E. GOTHARD III, | ) | JUDGE |
| | ) | |
| Appellant. | ) | |
| | ) | (Arson of Personal Property; |
| | ) | Fraudulent Insurance Claim) |

FOR THE APPELLANT:

**ARDENA J. GARTH**
**(On Appeal)**
District Public Defender

**DONNA ROBINSON MILLER**
**(On Appeal)**
Assistant Dist. Public Defender
701 Cherry Street, Ste. 300
Chattanooga, TN 37402-1910

**A. CHRISTIAN LANIER III**
**(At Trial)**
Lindsay Street, Ste. 150
Chattanooga, TN 37403-3457

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General and Reporter

**ERIK W. DAAB**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM H. COX III**
District Attorney General

**C. LELAND DAVIS**
**CALDWELL HUCKABAY**
Assistant District Attorneys
General
600 Market Street, Ste. 310
Chattanooga, TN 37402

OPINION FILED: _____

AFFIRMED IN PART; MODIFIED IN PART; REMANDED

JOE G. RILEY,
JUDGE

**O P I N I O N**

Defendant, William E. Gothard III, was convicted by a Hamilton County jury of the offenses of arson of personal property, a Class E felony, and filing a fraudulent insurance claim over $10,000 in value, a Class C felony. He also pled *nolo contendere* to the offense of failing to appear, a Class E felony. The trial court sentenced the defendant to concurrent terms of one and four years for arson of personal property and filing a fraudulent claim, respectively, and one year consecutive for failure to appear. In this appeal the defendant presents the following issues:

1. whether the evidence is sufficient to support the convictions;

2. whether the trial court erred by excluding testimony relating to an alleged bribe of a witness and other impeachment testimony;

3. whether the trial judge and prosecutor committed misconduct so as to deprive the defendant of a fair trial; and

4. whether the defendant was properly sentenced.

After a careful review of the record, we conclude that the conviction for filing a fraudulent insurance claim over $10,000 must be **MODIFIED** to filing a fraudulent insurance claim over the value of $1,000 and the sentence reduced accordingly. The case must also be **REMANDED** to correct a clerical error. In all other respects, the judgment of the trial court is **AFFIRMED**.

**FACTS**

Defendant was the owner of a 1983 Bluebird school bus and was under contract with Hamilton County to provide transportation services for students. On September 29, 1995, the bus was extensively damaged as a result of a fire. The defendant contended that the fire started as a result of a transmission fluid leak. He filed an insurance claim with State Farm for the "value of bus." A specific monetary amount was not set forth on the affidavit relating to the vehicle fire.

2

The fire occurred while the bus was on a public road. Representatives of the fire department and Hamilton County Sheriff's Department discovered a puddle of transmission fluid approximately 100 feet from the location of the bus. Burned paper debris was discovered near the fluid, indicating an intentional attempt to set fire to the fluid. Two empty transmission fluid bottles were discovered just across a fence approximately 25 feet from the fluid. Similar bottles of transmission fluid were found in the bus.

The fire department chief, arson investigator for the Sheriff's Department, as well as an independent fire investigator retained by State Farm, all reached the same conclusion. The origin of the fire was in the front passenger compartment of the bus at floor level. All three agreed the fire did not start within the engine compartment or on the underside of the bus as contended by the defendant. The independent fire investigator testified the fire was of "incendiary" origin, meaning that it was intentionally set. Photographs of the damaged school bus corroborate their testimony.

An investigator from State Farm testified that the defendant made a claim for the value of the bus. The investigator further testified that the defendant "[i]n his examination under oath, he -- I don't have a copy of that at hand. He claimed between [$25,000] and $30,000 I believe at one time." The investigator further testified that he determined the fair market value of the bus in good condition to be just under $7,400. Due to the investigation indicating arson, State Farm made no offer of payment on the claim.

Several acquaintances of the defendant, including three fellow bus drivers, testified on behalf of the defendant. Each indicated they had seen the bus emit considerable smoke at some time prior to the fire. Two of the witnesses testified they had also seen a flame or flash just prior to the fire. The defendant did not testify.

Based upon the testimony, the jury convicted the defendant of arson of personal property, a Class E felony, and filing a fraudulent insurance claim over the value of $10,000, a Class C felony. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence is insufficient to support the convictions. Although we agree the evidence is insufficient to classify the fraudulent claim as exceeding $10,000, we reject defendant's contentions in all other respects.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

This Court must review the evidence in a light most favorable to the state. The state's evidence was that the fire was intentionally set in the front passenger compartment on the floor. The circumstantial evidence corroborated this theory. Transmission fluid with burned paper debris was found near the bus. Two empty bottles of transmission fluid were found nearby. A visual examination of the bus

reveals that the fire was not on the underside of the bus. The state further established that the defendant filed an insurance claim based upon the fire.

It was for the jury to determine the credibility of the witnesses. The jury obviously determined that the defendant intentionally set the fire and sought insurance benefits. The evidence was more than sufficient to support this determination.

However, we conclude the evidence is not sufficient to support the classification of the fraudulent insurance claim in an amount over $10,000. The filing of a fraudulent insurance claim falls under the statutes relating to theft and "is punished as in the case of theft." Tenn. Code Ann. § 39-14-133. The classification or seriousness of the penalty for theft depends upon the value of the property or services. Tenn. Code Ann. § 39-14-105. If the value of the property is at least $10,000 but less than $60,000, it is a Class C felony. Tenn. Code Ann. §39-14-105(4). If the value of the property is at least $1,000 but less than $10,000, it is a Class D felony. Tenn. Code Ann. § 39-14-105(3).

The defendant's affidavit of claim does not indicate a specific monetary amount, but rather seeks the "value of bus." The only testimony in the record giving any support to the state's theory is the testimony of the investigator for the insurance company who stated, "I believe at one time" that defendant claimed between $25,000 and $30,000. The investigator further testified that the fair market value of the bus was just under $7,400. *See* Tenn. Code Ann. § 39-11-106(a)(36)(A)(defining "value" as the fair market value of the property at the time and place of the offense). We, therefore, conclude that the evidence is insufficient to establish the Class C felony amount of $10,000 or more. The proof does establish beyond a reasonable doubt that the value of the property was over $1,000; therefore, we reduce the classification of the offense to a Class D felony.

**BRIBERY OF WITNESS**

Defendant contends the trial court erred in disallowing two witnesses to testify concerning their observations just outside the courtroom of an alleged payment by one prosecution witness to another prosecution witness. Under the circumstances, we conclude there was no reversible error.

The state's witnesses indicated that the battery was not on the bus after the fire and had apparently been removed by the defendant prior to the fire. The wrecker operator testified that he saw no one remove the battery at the scene or thereafter.

In a jury-out hearing two witnesses indicated they observed the Sheriff's Department arson investigator give something to the wrecker operator just outside the courtroom after the wrecker operator testified. One witness indicated it was something "green" but could not say it was money. The other witness indicated that it was, in fact, money.

After an extended discussion, the trial judge advised defense counsel that the testimony would not be allowed before the jury at that time; however, he might allow it later in the trial. Subsequently, defense counsel advised the court that "we're just not going to go into that area." Since the trial court had deferred a final ruling on this issue and defendant chose not to attempt to present the testimony, defendant is entitled to no relief. *See* Tenn. R. App. P. 36(a).

**IMPEACHMENT TESTIMONY**

In a related issue defendant contends one of the above witnesses was also prohibited from testifying that the insurance company investigator, while recording an interview with her, would turn off the recorder and tell her to answer questions a certain way. The trial court found the proposed testimony immaterial. Defendant contends the testimony was proper to impeach the investigator who had testified.

6

Regardless of the propriety or impropriety of the ruling, defendant was not prejudiced. The investigator primarily testified about the amount of the claim made by the defendant. This Court has reduced the classification of the offense. Thus, even if the trial court should have allowed such evidence, the error would, at most, be harmless. *See* Tenn. R. App. P. 36(b).

## MISCONDUCT

Defendant contends he was denied a fair trial as a result of the trial judge and prosecuting attorney repeatedly advising certain witnesses in a jury-out hearing of the possibility of perjury charges. Firstly, we note that this issue was not raised in the written motion for new trial and is, therefore, waived. Tenn. R. App. P. 3(e). Although counsel orally moved to amend his motion to include this issue, the record does not contain a written request or order allowing the amendment. *See* Tenn. R. Crim. P. 33(b). Nevertheless, we will address the issue on its merits.

The trial court conducted an extensive jury-out hearing relating to the proposed testimony of two defense witnesses. It is apparent that the trial judge and the prosecuting attorney were unimpressed with the credibility of the allegations. Defense counsel was admonished by the trial judge and the prosecuting attorney of his ethical obligations not to present perjurious testimony. The two witnesses were also at various times cautioned that they were under oath and/or advised of "the potential if you should testify falsely."

In State v. Schafer, 973 S.W.2d 269, 278 (Tenn. Crim. App. 1997), this Court found that multiple threats of prosecution for perjury by the state and trial court and repeated declarations by the trial court that the witness was untruthful mandated a new trial. This Court found prejudice to the defendant as the witness subsequently changed his testimony. *Id.* Although a trial court may admonish a witness suspected of untruthfulness of the significance of lying under oath, the trial court should not declare its belief of untruthfulness and threaten the witness with prosecution to such

7

a degree that the witness changes his or her testimony to the detriment of the defendant. *Id*; *see also* State v. Dwight Miller, C.C.A. No. 02C01-9708-CC-00300, Haywood County (Tenn. Crim. App. filed December 29, 1998, at Jackson).

The facts and circumstances of the case at bar do not reach the magnitude of Schafer and Dwight Miller. We also note the questioning and warnings did not take place in the jury's presence. However, the repeated questioning and warnings by the trial court do appear to have crossed the line. Nevertheless, the defendant has suffered no prejudice. One of the witnesses testified before the jury in confirmation of his earlier jury-out testimony. Although the other witness was not called to testify before the jury, her jury-out testimony was of no real benefit to the defendant. Therefore, defendant is entitled to no relief. *See* Tenn. R. App. P. 36(b).

## SENTENCING

Defendant contends the trial court erred by enhancing the fraudulent insurance claim sentence by one year above the minimum, erred in ordering consecutive sentencing, and erred in denying alternative sentencing. Although we reduce the fraudulent insurance claim conviction from a Class C felony to a Class D felony, we also enhance the sentence by one year above the minimum. We affirm the imposition of consecutive sentences and affirm the denial of alternative sentencing.

### A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

8

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

## B. Length of Sentence

Defendant challenges his four-year sentence on the Class C felony of filing a fraudulent insurance claim. Since we have reduced the offense to a Class D felony, a new sentence must be determined. This Court will determine the sentence. *See* Tenn. Code Ann. § 40-35-401(c)(2).

The trial court applied the following mitigating factors: the crime did not cause or threaten serious bodily injury, Tenn. Code Ann. § 40-35-113(1); the defendant was suffering from a mental condition reducing his culpability, Tenn. Code Ann. §40-35-113(8); and the defendant has rendered significant community and charitable service, Tenn. Code Ann. § 40-35-113(13).

The trial court noted that the defendant had a prior conviction for theft and has failed to file income tax returns, thereby finding the defendant had a previous history of criminal convictions or criminal behavior. Tenn. Code Ann. § 40-35-114(1). We also note that defendant exhibited criminal behavior by willfully failing to appear at his original sentencing hearing. A sentencing court can consider criminal behavior which

9

occurred prior to the sentencing hearing, regardless of whether the criminal behavior occurred before or after the commission of the offense under consideration.  State v. Burl Jarrett, C.C.A. No. 02C01-9710-CC-00418, Hardeman County (Tenn. Crim. App. filed August 21, 1998, at Jackson).

The range of punishment for a Range I standard offender for a Class D felony is from two to four years.  See Tenn. Code Ann. § 40-35-112(a)(4).  Just as did the trial court, we enhance the sentence one year above the minimum.  Therefore, the sentence shall be three years for filing a fraudulent insurance claim over $1,000.

### C.  Consecutive Sentencing

Defendant contends the trial court erred in ordering his one-year sentence for failure to appear to run consecutively to the other two sentences.  The state concedes that none of the statutory factors set forth in Tenn. Code Ann. § 40-35-115 applies and confesses error.  We respectfully disagree with both the defendant and the state.

Although the trial court erroneously noted that Tenn. Code Ann. § 40-35-115(b)(6) applied, the Assistant District Attorney General reminded the trial court of the applicability of Tenn. Code Ann. § 39-16-609.  This statute specifically provides that a sentence for failure to appear "may be ordered to be served consecutively to any sentence received for the offense for which the defendant failed to appear." Tenn. Code Ann. § 39-16-609(f).  The trial court did not abuse its discretion in ordering this sentence to be served consecutively.  See State v. Scotty Ray Haynes, C.C.A. No. 01C01-9706-CC-00227, Bedford County (Tenn. Crim. App. filed March 27, 1998, at Nashville); State v. John David Rankin, Jr., C.C.A. No. 03C01-9511-CC-00369, Sullivan County (Tenn. Crim. App. filed August 19, 1996, at Knoxville).

### D.  Alternative Sentencing

Defendant contends the trial court erred in denying alternative sentencing. Again, we disagree.

10

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

The trial court noted the defendant's persistent untruthfulness and failure to accept responsibility for his criminal act. The defendant exhibited no remorse. We also note defendant's prior criminal behavior.

In determining a defendant's suitability for total probation, the trial court may properly consider credibility, remorse, and candor as they reflect upon potential for rehabilitation. *See* Tenn. Code Ann. § 40-35-103(5); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). The trial court is in a better position than this Court to determine defendant's credibility and remorse. Considering these factors as well as defendant's prior criminal behavior, we are unable to conclude that the trial court erred in its denial of alternative sentencing.

This issue is without merit.

**CLERICAL ERROR IN JUDGMENT**

We note that the judgment of conviction for the offense of arson of personal property contains a clerical error in that the judgment indicates the offense is a Class

D felony. Upon remand, the trial court shall enter an amended judgment reflecting this offense to be a Class E felony rather than a Class D felony.

## CONCLUSION

The conviction for filing a fraudulent insurance claim over $10,000 shall be modified to filing a fraudulent insurance claim over $1,000, a Class D felony, with a sentence of three years in the Department of Correction. The trial court shall enter an amended judgment. The trial court shall also enter an amended judgment reflecting that arson of personal property is a Class E felony rather than a Class D felony. In all other respects, the judgment of the trial court is affirmed.

_____

**JOE G. RILEY, JUDGE**

**CONCUR:**

_____

**JERRY L. SMITH, JUDGE**

_____

**NORMA McGEE OGLE, JUDGE**