# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. JEFFREY A. BURNS

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-1198-373   Timothy Easter, Judge**

---

### No. M1999-00873-CCA-R3-CD - Decided June 2, 2000

---

The defendant appeals from his Class C felony conviction of possession of a controlled substance in an amount less than .5 grams. Tenn. Code Ann. § 39-17-417 (Supp. 1998). After entering a best interest guilty plea, the defendant was sentenced to five years in the Department of Correction as a Range I standard offender and fined $2000. In this appeal, the defendant challenges the sentence imposed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which WADE, P.J., and WOODALL, J., joined.

John H. Henderson, District Public Defender, Vanessa Pettigrew Bryan, Assistant Public Defender, for the appellant, Jeffrey A. Burns.

Paul G. Summers, Attorney General & Reporter, Jennifer L. Bledsoe, Assistant Attorney General, Ronald L. Davis, District Attorney General, Robert Hassell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Jeffery A. Burns, appeals from his Class C felony conviction of possession of a controlled substance in an amount less than .5 grams. Tenn. Code Ann. § 39-17-417 (Supp. 1998). The defendant entered a best interest guilty plea, and the trial court sentenced him to five years in the Department of Correction as a Range I standard offender and fined him $2000. In this appeal, the defendant complains that the trial court failed to grant him an alternative sentence and did not properly balance the enhancement and mitigating factors. Following a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

The defendant's guilty plea was based upon an incident which occurred in October 1998. At that time, deputies of the Williamson County Sheriff's Department stopped a car with a broken tail-light. The driver was the defendant's girlfriend. The defendant, who

apparently was not in the car, approached the deputies and began arguing with them about why they stopped his girlfriend. The deputies ran a computer check on the defendant and found an outstanding warrant against him. They arrested and transported the defendant to the justice center. The transporting deputy searched his patrol car after delivering the defendant to the justice center and found a plastic bag containing a white, rocky substance. The bag was found under the seat where the defendant sat. The substance was determined to be .5 grams of cocaine.

The defendant contends he should have been granted some form of alternative sentencing. He also contends that the trial court did not properly balance the enhancement and mitigating factors. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-103(5) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App.1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). However, a defendant who commits "the most severe offenses, possess[es a] criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. See Tenn. Code Ann. § 40-35-102(5), (6) (1997). A defendant who meets the criteria of section 40-35-102(6) is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. This presumption in favor of alternative sentencing may be rebutted if (1) "confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct," (2) "confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or (3) "measures less restrictive

than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(A)-(C) (1997); see Ashby, 823 S.W.2d at 169. Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Sentencing issues are to be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The defendant was eligible for probation because his sentence was five years. See Tenn. Code Ann. § 40-35-303(a) (1997). In determining whether to grant probation, the trial court must consider the nature and circumstances of the offense, the defendant's criminal record, his background and social history, his present condition, including his physical and mental condition, the deterrent effect on other criminal activity, and the likelihood that probation is in the best interests of both the public and the defendant. See Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). The defendant bears the burden of establishing suitability for probation, even when the defendant is presumed to be suitable for alternative sentencing. See Tenn. Code Ann. § 40-35-303(a), (b) (1997).

In the present case, the trial court's sentencing determination is entitled to the presumption of correctness because the record reflects that it considered the relevant sentencing principles.

The defendant, although a Range I standard offender, does not enjoy the presumption of favorable candidacy for alternative sentencing for the offenses involved in this case. See Tenn. Code Ann. § 40-35-102(5), (6) (1997). At the age of twenty-one, the defendant, as an adult, has two assault convictions and one felony conviction. As a juvenile, he pleaded guilty to an aggravated robbery charge in which the victim was shot in the face. Additionally, the defendant violated the terms of his probation for one of the assault convictions, and he committed the offense at bar while on bail for the felony offense. The defendant, in his short life, has shown a "clear disregard for the laws and morals of society" and has shown a "failure of past efforts at rehabilitation." Tenn. Code Ann. § 40-35-102(5) (1997); see, e.g., State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997) (Range II, multiple offender defendant not presumed eligible for alternative sentencing where defendant had criminal history and committed present offense while on probation); State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996) ("in order to benefit from the presumption, the defendant cannot have a criminal history evincing *either* a 'clear disregard for the laws and morals of society' *or* 'failure of past efforts at rehabilitation'"); State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) ("to be entitled to the statutory presumption of alternative sentencing, . . . the defendant cannot have a criminal history evincing *either* 'clear disregard for the laws and morals of society' *or* 'failure of past efforts at rehabilitation'") (emphasis added). Also, because the defendant had violated probation less than 18 months before committing the offense at bar, contrary to what the defendant alleges in his brief, the record supports a finding that confinement was necessary because "measures less restrictive than confinement have . . . recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C) (1997). Additionally, the

trial court implicitly found the defendant was not amenable to rehabilitation because measures less restrictive than confinement had proven unsuccessful. See Tenn. Code Ann. § 40-35-103(5) (1997); see also State v. Jeffery Russell Utley, No. 02C01-9812-CC-00385, slip op. at 5 (Tenn. Crim. App., Jackson, Sept. 3, 1999) (total confinement warranted because of defendant's failure to abide by rules and regulations of previous alternative sentences). Furthermore, considering that the defendant was incarcerated between the ages of 16 and 19, and he was only 21 years old at sentencing, we conclude that the defendant also has a long history of criminal conduct. See Tenn. Code Ann. § 40-35-103(1)(A) (1997). Although the criminal conduct does not extend for a lengthy period, it does cover the defendant's complete adult life. The trial court correctly determined that the defendant was not a favorable candidate for alternative sentencing.

Using the same bases which supported this conclusion, we further must conclude that the defendant failed to carry his burden to establish suitability for probation. His criminal record and poor potential for rehabilitation belie his claim to probation.

Turning to another form of alternative sentencing, an offender is eligible for the Community Corrections program, if he meets certain criteria, including "not demonstrat[ing] a present or past pattern of behavior indicating violence." Tenn. Code Ann. § 40-36-106(a)(6) (1997). The trial court found that the defendant was not an appropriate candidate for the Community Corrections program because of his pattern of committing violent offenses. This finding is amply supported by the record, which shows the defendant's two assault convictions. We are also mindful of the defendant's juvenile record which indicated that a victim was shot in the face during a robbery.

Accordingly, we conclude the evidence supports a sentence of total confinement.

We now turn to the defendant's complaint that his sentence is too lengthy. The trial court enhanced the defendant's Range I sentence from the three year minimum to five years, one year less than the maximum. The trial court based the sentence upon enhancement factor (1), the defendant's previous history of criminal convictions, factor (8), the defendant's previous unwillingness to comply with a probated sentence, factor (13)(A), the felony was committed while on bail for another felony for which he was ultimately convicted, and factor (20), the defendant committed a delinquent act as a juvenile that would constitute a felony if committed by an adult. Tenn. Code Ann. § 40-35-114(1), (8), (13), (20) (1997). The trial court found mitigating factors (1), defendant's conduct neither caused nor threatened serious bodily injury, and (6), defendant lacked substantial judgment in committing the offense because of his youth. Tenn. Code Ann. § 40-35-113(1), (6) (1997).

Enhancement factor (1) regarding the defendant's prior criminal history was applicable, although we recognize that both the prior assault convictions were misdemeanors. See Tenn. Code Ann. § 40-35-114(1). However, we are also mindful that the defendant was only 21 at the sentencing hearing, and during his short adult life, he had also been convicted for sale of a counterfeit controlled substance, a Class E felony, before committing the offense at bar.

Enhancement factor (8), the defendant's unwillingness to comply with the conditions of a sentence involving release into the community, was applicable. See Tenn. Code Ann. § 40-35-114(8). The defendant argues that there was no evidence showing why his probation was revoked. The defendant's argument is not well taken. The enhancement factor is properly applied for probation violations, regardless of the reason for the violation. See Tenn. Code Ann. § 40-35-114(8); see, e.g., State v. Anderson, 985 S.W.2d 9, 20 (Tenn. Crim. App. 1997) (applying factor (8) for previous probation violation).

Enhancement factor (13), the offense was committed while the defendant was on bail for another felony offense for which he was convicted, was applicable. See Tenn. Code Ann. § 40-35-114(13)(A). The record shows that the defendant was released on bail for the Class E felony of sale of a counterfeit controlled substance when he committed the offense at bar. He was ultimately convicted of that offense at a jury trial.

Enhancement factor (20), the defendant was adjudicated delinquent as a juvenile for conduct which would be a felony if committed by an adult, was applicable. See Tenn. Code Ann. § 40-35-114(20). The record shows that the defendant was originally charged with committing especially aggravated robbery as a juvenile. The defendant pleaded guilty to aggravated robbery and was adjudicated to be delinquent. Aggravated robbery, if committed by an adult, is a Class B felony. See Tenn. Code Ann. § 39-13-402 (1997). The defendant argues that applying this enhancement factor essentially penalizes him twice, considering that enhancement factor (1) regarding his prior criminal history was applicable. We are not persuaded. Factor (1) was based upon the defendant's conduct as an adult, whereas factor (20) was based upon the defendant's juvenile record. Application of the two enhancement factors was based upon mutually exclusive instances of conduct by the defendant. See State v. Anthony T. Jones, No. 03C01-9807-CR-00245 (Tenn. Crim. App., Knoxville, July 14, 1999) (finding error where court considered juvenile adjudication of delinquency in applying enhancement factor (1)); State v. Brent Brown, No. 02C01-9710-CC-00419 (Tenn. Crim. App., Jackson, Oct. 26, 1998) (factor (20) is "the exclusive factor for enhancing a sentence based on a defendant's juvenile record").

The defendant has not overcome the presumption of correctness with regard to any of these enhancement factors.

The trial court applied the mitigating factor that the "defendant's criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1) (1997). The trial court also applied the mitigating factor that the "defendant, because of youth . . . , lacked substantial judgment in committing the offense." Tenn. Code Ann. § 40-35-113(6) (1997). The trial court accorded both mitigating factors minimal weight. The trial court was generous. See, e.g., State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997) (holding that mitigating factor (1) "should not be applied when the defendant is convicted of an offense involving cocaine"); State v. Leggs, 955 S.W.2d 845, 850 (Tenn. Crim. App. 1997) (holding that application of mitigating factor (6) for twenty-one year old defendant was inappropriate where

record was devoid of any evidence that defendant lacked substantial judgment to appreciate the nature of his conduct). However, given the presumption of correctness, we must defer to the trial court to weigh the enhancement and mitigation factors.

The defendant asks us to apply as mitigating factors that he had worked to care for his child and that he had received a G.E.D. See Tenn. Code Ann. § 40-35-113(13) (1997) (permitting mitigation through the use of any other factor consistent with the purposes of the Sentencing Reform Act). We decline the defendant's request. The record reflects that the only evidence offered supporting the defendant's claim that he supported his out-of-wedlock child was introduced by the probation officer, who testified that the defendant told him that he supported his child. The officer further testified that he did not have sufficient time after hearing the defendant's statement to confirm it. This self-serving statement, without more, is insufficient for use as a mitigating factor. Also, we note that it is the duty of every citizen of this state to care for his minor children. See State v. John Allen Chapman, No. 01C01-9604-CC-00137, slip op. at 41 (Tenn. Crim. App., Nashville, Sept. 30, 1997) (catchall factor not applicable because "support of a dependent is by law an obligation and a duty"); but see State v. Jerry Keith Ivey, No. 03C01-9509-CR-00292 (Tenn. Crim. App., Knoxville, Dec. 3, 1996) (combining lack of criminal history, good employment history, and family social activity into a single mitigating factor). With respect to the defendant acquiring a G.E.D., the defendant is the beneficiary of his education, and it is up to him to use it to his advantage. See State v. Carl M. Hayes, No. 01C01-9509-CC-00293 (Tenn. Crim. App., Knoxville, Oct. 24, 1996) (holding that fact that defendant finished his education is not ordinarily a mitigating factor).

The trial court's judgment is affirmed.