# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 16, 2001

## STATE OF TENNESSEE v. RYAN JACOB CUMMINS

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR824-1999    Jane W. Wheatcraft, Judge**

---

### No. M2000-02226-CCA-R3-CD - Filed July 26, 2001

---

The defendant appeals from the trial court's imposition of the maximum sentences within the range. The State agrees that the trial court erred in applying enhancement factor (7). After review, we conclude that neither enhancement factor (7) nor (15) is applicable under these facts. Therefore, the defendant's sentence is modified to the statutorily required sentences of eight years in the Department of Correction at 100 percent for the aggravated sexual battery offense and to three years on each attempted aggravated sexual battery offense.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

David Allen Doyle, District Public Defender, for the appellant, Ryan Jacob Cummins.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sallie Wade Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Ryan Jacob Cummins, was indicted in October, 1999, by the Sumner County Grand Jury on one count of aggravated sexual battery, a Class B felony, and on two counts of attempted aggravated sexual battery, both Class C felonies. See Tenn. Code Ann. § 39-13-504(a)(4), - 12-101. The defendant entered an Alford Plea, which was accepted by the court on June 29, 2000. As part of the plea, the defendant and the State agreed that the sentences were to run concurrently. A sentencing hearing was held on August 11, 2000, to determine the length of the defendant's sentence. The defendant received a sentence of twelve years in the Department of Correction on the

aggravated sexual battery charge and six years on each of the attempted aggravated sexual battery charges. Pursuant to the agreement, the sentences were ordered to run concurrently.

The defendant appeals only the length of his sentences, claiming that the trial court failed to sentence him in accordance with the Criminal Sentencing Reform Act of 1989. Specifically, the defendant contends that the trial court incorrectly applied enhancement factors (7) and (15) in sentencing him to the maximum sentence within each range. After careful review, we modify the defendant's sentence.

## Facts

The defendant was eighteen years old at the time of the offenses. He was unknown to the victims and their parents until the night of the incident. Although the defendant was invited to a church function known as "council fire," he was not invited to spend the night. After the "council fire," approximately six adults and ten to fifteen young people were camping in tents on the church grounds. One tent in which the victims were staying became noisy and very talkative. When the father of one of the victims became concerned, he went to the tent and discovered the defendant. The defendant was then advised he could not stay in the tent with the other boys, but was welcome to stay with the adults. Although the defendant was quarrelsome about sleeping with the adults, he ultimately went to the adult tent. While in the adult tent, he was very talkative. At one point he described a situation when he was a counselor at a church and while at an event similar to this one, he went to sleep and some boys "did things." When questioned about what he meant by "did things," he responded, "You know, touching each other." Moments later the defendant said he was having an anxiety attack and then left. The adults then met and decided that because the circumstances presented were strange, they were going to post guards around the campsite for the rest of the night.

The next day, the boys reported what happened in the tent to their parents and eventually to police. The first victim, age eight, stated that the defendant came into the tent at the campsite where the four young boys were and touched him on his genital area over his clothing. He also stated that the defendant tried to touch two other boys, who were awake, on their private parts. The defendant, at a submission hearing on June 19, 2000, agreed that these facts were true.

The sentencing hearing was held on August 11, 2000. The father of the victim of the aggravated sexual battery testified on behalf of the State. He testified about the events that occurred at the campsite on July 17, 1999, and described how this incident has affected him and his son. The trial court also referred to a victim impact statement that apparently was submitted on behalf of the mother of one of the victims. However, no such statement is included in the pre-sentence report or elsewhere in the record on appeal. Nonetheless, upon reviewing the transcript of the sentencing hearing, the trial court considered the statement but did not apply it to the existence of any enhancement factors that he ultimately found.

The defendant's mother testified on the defendant's behalf. She described the defendant's long history of learning disabilities and attention deficit disorder with hyperactivity. She also described the defendant's history of being in and out of state custody, several hospitals, and institutions for his problems. She testified that these placements have not helped him with his problems. She also described how she has had trouble communicating with him throughout his life.

Finally, the defendant read an allocution statement during the hearing. In this statement, he described his troubled childhood and how he was emotionally, physically, and sexually abused while attending these various placement programs. He expressed a need for help for his problems and his belief that he could not receive such help in prison. He also claimed he had remorse for the victims in this case because he had gone through the same thing when he was young.

After hearing all the testimony at the sentencing hearing, reviewing the pre-sentence report, detailing the defendant's unstable background, and considering the victim impact statement, the trial court found the existence of two enhancement factors and no mitigating factors. The trial court sentenced the defendant to twelve (12) years on the aggravated sexual battery count, to be served at 100 percent, and to six (6) years on each attempted aggravated sexual battery count. Each sentence was the maximum within each range and all were ordered to be served concurrent with each other.

**Analysis**

The defendant challenges the length of his sentence by asserting that the trial court incorrectly considered statutory enhancement factors (7) and (15). <u>See</u> Tenn. Code Ann. § 40-35-114(7), (15). This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). However, if the trial court fails to comply with the statutory directives, there is no presumption of correctness. <u>State v. Poole</u>, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors, and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. Fletcher, 805 S.W.2d at 789.

The trial court found that the evidence at the sentencing hearing supported the application of enhancement factors (7) and (15). Enhancement factor (7) allows sentence enhancement for offenses "committed to gratify the defendant's desire for pleasure or excitement." Tenn. Code Ann. § 40-35-114(7). Enhancement factor (15) allows sentence enhancement when the crime is committed by a defendant while abusing a position of private trust. Tenn. Code Ann. § 40-35-114(15). The trial court determined that the defendant failed to prove the existence of any mitigating factors. After this determination, the trial court found that the existence of the enhancement factors required that the defendant be sentenced to the maximum sentence within each applicable range.

**Enhancement Factor (7)**

The defendant asserts, and the State, in its brief, agrees that the trial court incorrectly applied enhancement factor (7), which allows sentence enhancement for offenses "committed to gratify the defendant's desire for pleasure or excitement." Tenn. Code Ann. § 40-35-114(7). Our Supreme Court, in State v. Kissenger, 922 S.W.2d 482, 489 (Tenn. 1996), held that because sexual contact is a necessary element of an aggravated sexual battery offense and is defined as an "intentional touching . . . for the purpose of sexual arousal or gratification," it cannot be used as an enhancement factor in such cases. Therefore, the trial court incorrectly applied enhancement factor (7) to enhance the defendant's sentence.

**Enhancement Factor (15)**

Although the defendant does not contest the application of enhancement factor (15), an abuse of a position of private trust, we are compelled, in our *de novo* review, to evaluate the trial court's reliance on that factor in sentencing the defendant. See Tenn. Code Ann. § 40-35-114(15). Our Supreme Court also addressed the application of enhancement factor (15) in Kissenger, 922 S.W.2d 488-89. The court stated:

> [A]pplication of [this] factor requires a finding, first, that defendant occupied a position of trust, either public or private. The position of parent, step-parent, babysitter, teacher, coach are but a few obvious examples. The determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith.

Kissinger, 922 S.W.2d at 488.

In reviewing the record before us, we find no evidence of a relationship between the defendant and any of the victims. Further, it appears that the defendant was merely a guest at this campout, not a mentor, chaperon, or counselor. See, e.g., State v. Gutierrez, 5 S.W.3d 641, 645 (Tenn. 1999). Although age may have been a factor in the trial court's finding of an abuse of private trust, age would apply in most every aggravated sexual battery case predicated upon the involvement of a victim under age thirteen, an element of the crime. See Kissinger, 922 S.W.2d at 489, fn 11. Therefore, in our *de novo* review, we hold that the trial court incorrectly applied enhancement factor (15) to enhance the defendant's sentence.

In addition, based upon the proof submitted, we decline the State's request to apply enhancement factor (6): "personal injuries inflicted upon . . . the victim [were] particularly great." See Tenn. Code Ann. § 40-35-114(6). Besides the testimony of the parents of one of the victims, the record is devoid of any proof, such as expert testimony, that the victim suffered "particularly great" personal injuries. The State did not pursue this enhancement factor, and the trial court did not, *sua sponte*, find the existence of such factor. We also decline, in our *de novo* review, to apply this enhancement factor.

**CONCLUSION**

After thoroughly reviewing the record before us, we hold that the trial court incorrectly applied enhancement factors (7) and (15). Accordingly, because we find that no enhancement factors are present, we modify the defendant's sentence to the statutorily required presumptive sentence of eight (8) years in the Department of Correction at 100 percent for the aggravated sexual battery offense and to three (3) years on each attempted aggravated sexual battery offense. See Tenn. Code Ann. § 40-35-210(c); State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). Each of these sentences are to run concurrent with one another.

_____
JOHN EVERETT WILLIAMS, JUDGE